**UNITED STATES of America, Plaintiff,**

v.

**Gustavo CHAVERRA–CARDONA, Oscar Urego and Carlo Cuero, also known as Carlos Barrios, Defendants.**

**No. 87 CR 340.**

United States District Court,
N.D. Illinois, E.D.

Sept. 28, 1987.

See also 669 F.Supp. 1443.

**1446**

Anton R. Valukas, U.S. Atty., and Thomas J. Scorza, Asst. U.S. Atty., Chicago, Ill., for plaintiff.

Bryan D. Schultz, Chicago, Ill., for defendant Gustavo Chaverra-Cardona.

Steven B. Muslin, Chicago, Ill., for defendant Oscar Urego.

William H. Kampenga, Oak Lawn, Ill., for defendant Carlos Cuero.

## ORDER

BUA, District Judge.

Before this court are the government's motions in limine regarding disclosure of prosecutor's investigative reports and limitation of cross-examination of government informant Jorge "Eddie" Ayala. For the reasons stated herein, the government's motions in limine are granted.

### I. Motion in Limine Regarding Prosecutor's Investigative Reports

■ The government first motions this court to review daily reports authored by Assistant United States Attorney Thomas J. Scorza during the investigation which led to the present indictment to determine if any information in the reports is subject to disclosure under the Jencks Act, 18 U.S.C. § 3500, or *Brady v. Maryland*, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963), and its

progeny. A review of the daily reports indicates that nothing which the government has not already released to defendants is subject to § 3500 or *Brady* disclosure. In fact, the government's disclosures of portions of Scorza's reports in many instances exceed the requirements of § 3500 and *Brady*. As such, the government's motion in limine for a ruling that Scorza's undisclosed daily reports contain no information subject to disclosure under § 3500 and *Brady* is granted.

### II. Motion in Limine as to Cross-Examination of Government Informant Jorge "Eddie" Ayala

The government next moves for an order restricting defense counsel from cross-examining government informant Jorge "Eddie" Ayala with regard to details concerning his suspected involvement in narcotics-related murders and attempted murders in New York and Florida as well as details surrounding Ayala's cooperation in an ongoing narcotics investigation being conducted in the Northern District of Illinois. The government also motions this court for an order that certain memoranda and grand jury testimony generated by Ayala's cooperation in the mentioned Illinois narcotics investigation together with a DEA intelligence file maintained on Ayala regarding the mentioned New York and Florida investigations are not subject to disclosure or inquiry under *Giglio v. United States*, 405 U.S. 150, 92 S.Ct. 763, 31 L.Ed. 2d 104 (1972), and its progeny.

■ According to the government, defendants have already been given copies of Ayala's DEA informant file, Ayala's FBI criminal history record, other recent criminal history information and information regarding government promises and inducements for Ayala's cooperation. In essence, defendants have received all information pertinent for impeaching Ayala's credibility at trial. Details concerning Ayala's cooperation with the ongoing narcotics investigation in Illinois are not relevant to any proper impeachment of Ayala. As the government points out, even where a defendant has been *convicted*, impeachment under

Fed.R.Evid. 609 would not permit inquiry into the details of the underlying offense. *See United States v. Castro,* 788 F.2d 1240, 1245–46 (7th Cir.1986). Defendants are only entitled to bring out that Ayala is presently cooperating in a federal narcotics investigation in the Northern District of Illinois, that Ayala has admitted to various acts of narcotics trafficking in the past, and that Ayala has been given immunity from prosecution with regard to his narcotics trafficking in the Northern District in consideration for his cooperation. Inquiry into the details of Ayala's grand jury testimony and cooperation with authorities in the investigation are not relevant and will not be permitted. As such, disclosure of any memoranda and grand jury testimony generated by Ayala's cooperation is not required under *Giglio.*

Similarly, Rule 609 will limit defendants' cross-examination of Ayala regarding the crimes he is suspected of committing in New York and Florida to the facts of his knowledge that he is a suspect in those matters and of his understanding of past or future benefits promised to him by the government in connection with those matters. No inquiry will be permitted by defense counsel into matters for which Ayala may be charged in the future which do not bear on issues of credibility. In light of the body of impeachment information made available to defendants, this court's order limiting cross-examination of Ayala to matters in which he is only a suspect does not deny defendants from a full opportunity to impeach Ayala. *See United States v. Castro,* 788 F.2d at 1243–48; *United States v. Silva,* 781 F.2d 106, 110 (7th Cir.1986); *United States v. Murphy,* 768 F.2d 1518, 1536 (7th Cir.1985), *cert. denied* 475 U.S. 1012, 106 S.Ct. 1188, 89 L.Ed.2d 304 (1986). In light of the foregoing, the government need not disclose the DEA intelligence file which includes certain accusations against Ayala regarding the New York and Florida offenses.

### III.  Conclusion

Accordingly, this court rules as follows: (1) the undisclosed portions of Scorza's daily reports are not subject to disclosure pursuant to the Jencks Act or the *Brady* doctrine; (2) the memoranda reflecting the provision of information by Jorge "Eddie" Ayala in the cited unrelated narcotics investigation and the grand jury testimony of Jorge "Eddie" Ayala in that investigation are not subject to disclosure or inquiry in this cause; and (3) the cross-examination of Jorge "Eddie" Ayala at the trial of this cause as to the cited criminal matters to which he is a suspect shall be limited to the facts of his knowledge that he is a suspect in those matters and of his understanding of the past or future benefits promised to him by the government in connection with those matters. All *in camera* submissions tendered by the government are to be filed *under seal* with the Clerk of the Court pending review by the Seventh Circuit.

IT IS SO ORDERED.